**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ANTHONY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | **1:12-cv-368** |
| | ) | |
| v. | ) | |
| | ) | |
| NORTHSTAR LOCATION | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, ANTHONY SMITH, by and through his attorneys, LARRY

P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, NORTHSTAR

LOCATION SERVICES, LLC, Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt

Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.    JURISDICTION & VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28

U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4.      ANTHONY SMITH, (hereinafter, "Plaintiff") is an individual who was at all

relevant times residing in the City of Tipton, County of Tipton, State of Indiana.

5.      The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed

by Plaintiff to Discover Bank (hereinafter, "Discover").

1

6.     The debt that Plaintiff allegedly owed Discover was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.     NORTHSTAR LOCATION SERVICES, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Indiana. Defendant is registered as a Limited Liability Company in the State of New York.

9.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   <u>ALLEGATIONS</u>

14.    From in or around April 2011 through in or around October 2011, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff in an attempt to collect a debt he allegedly owed to Discover.

15.    During the aforesaid time period, on multiple occasions, Defendant initiated multiple telephone calls to Plaintiff in a single day.

16.    During the aforesaid time period, on multiple occasions, Defendant initiated at least two (2) telephone calls to Plaintiff in a single day.

17.    During the course of the aforesaid time period, during Defendant's multiple telephone calls to Plaintiff, Defendant spoke directly with Plaintiff and asked Plaintiff to pay the debt on which it was attempting to collect.

18.    As of in or around April 2011, Defendant was cognizant of a telephone number at which it could communicate with Plaintiff to attempt to collect the debt he allegedly owed to Discover.

19.    On or about July 8, 2011, Defendant sent a correspondence to Plaintiff in an attempt to collect a debt he allegedly owed to Discover.

20.    Plaintiff received the aforesaid correspondence.

21.    As of on or about July 8, 2011, Defendant was cognizant of an address at which it could communicate with Plaintiff to attempt to collect the debt he allegedly owed to Discover.

22.    In July 2011, during a telephone call between Plaintiff and Defendant, Plaintiff offered to make payments to Defendant towards the debt on which Defendant was attempting to collect.

23.     By agreement, the first aforementioned payment by Plaintiff to Defendant was postdated to July 29, 2011

24.     By agreement, the second aforementioned payment by Plaintiff to Defendant was postdated to August 30, 2011.

25.     By agreement, Defendant was to withdraw the aforesaid postdated payments from Plaintiff's bank account.

26.     By agreement, Defendant was to withdraw $115.35 from Plaintiff's bank account on each of the aforesaid dates.

27.     Plaintiff then provided Defendant with his bank account information so that Defendant would withdraw funds on the aforesaid dates.

28.     Defendant accepted the postdated payments from Plaintiff.

29.     Defendant presented the first postdated payment in the amount of $115.35 for deposit on July 29, 2011.

30.     In or around August 2011, prior to August 30, 2011, Plaintiff engaged in a telephone conversation with Defendant.

31.     During the course of the aforesaid telephone conversation, Plaintiff advised Defendant that he wished to cancel his postdated payment to Defendant that was scheduled for August 30, 2011.

32.     Plaintiff further advised Defendant that it was no longer authorized to withdraw funds from his bank account on August 30, 2011, the date when the postdated payment was previously scheduled.

33.     Defendant informed Plaintiff that it would no longer withdraw the aforesaid funds on August 30, 2011 from Plaintiff's bank account.

4

34.     Despite Defendant's representation that it would no longer withdraw funds on August 30, 2011 from Plaintiff's bank account, Defendant proceeded to withdraw $115.35 from Plaintiff's bank account.

35.     On or about August 30, 2011, at the time Defendant withdrew $115.35 from Plaintiff's bank account, Plaintiff did not have sufficient funds in his bank account.

36.     As a result of Defendant's conduct in withdrawing the aforesaid funds, on or about August 30, 2011, Plaintiff was charged an overdraft and/or service fee(s) from his bank.

37.     As a result of Defendant's conduct in withdrawing the aforesaid funds, on or about August 30, 2011, Plaintiff was charged with an overdraft and/or service fee(s) from his bank in the amount of $34.00

38.     Plaintiff paid the aforesaid overdraft and/or service fee(s) to his bank.

39.     To date, Defendant has not refunded to Plaintiff the aforesaid overdraft and/or service fee(s) Plaintiff incurred.

40.     In or around September 2011, during a telephone call between Plaintiff and Defendant, wherein Defendant attempted to collect a debt Plaintiff allegedly owed to Discover, Plaintiff informed Defendant that he was willing to pay the debt he allegedly owed but that at the time of the telephone call Plaintiff did not have sufficient funds to pay the debt.

41.     Plaintiff then informed Defendant that he was trying to find employment.

42.     Plaintiff told Defendant that once he was able to find a job that he would be able to start making payments to Defendant relative to the debt he allegedly owed.

43.     Defendant responded by informing Plaintiff that Defendant would cease calling Plaintiff for a few months.

44.     Defendant further told Plaintiff that it would call Plaintiff in a few months so that Plaintiff would have an opportunity to find employment and then the parties could discuss how Plaintiff could make payments towards the debt.

45.     Despite Defendant's representations that it would cease calling Plaintiff for several months, the next day after the aforesaid telephone conversation, Defendant initiated another telephone call to Plaintiff in an attempt to collect the debt he allegedly owed to Discover.

46.     Despite Defendant's representations that it would cease calling Plaintiff for several months so that Plaintiff would have an opportunity to find employment, the next day after the aforesaid telephone conversation, Defendant initiated another telephone call to Plaintiff in an attempt to collect the debt he allegedly owed to Discover.

47.     In or around September, 2011 through in or around October 2011, subsequent to Defendant having informed Plaintiff that it would cease contacting him, Defendant continued to initiated multiple telephone calls to Plaintiff in a further attempt to collect the debt he allegedly owed.

48.     Again, during the aforesaid time period, Defendant initiated multiple telephone calls to Plaintiff in a single day.

49.     The repetitive calls made by Defendant to Plaintiff were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

50.     Defendant's representations to Plaintiff that it would cease contacting him, as delineated above, were false, deceptive and/or misleading given that despite Defendant's representations it continued to initiate multiple telephone calls to Plaintiff in a further attempt to collect the debt he allegedly owed.

51.     Despite having multiple contacts with Plaintiff, and despite being fully cognizant of Plaintiff's location, in or around September 2011, Defendant proceeded to contact Plaintiff's brother-in-law.

52.     During the around time period, Defendant informed Plaintiff's brother-in-law that it was calling for Plaintiff.

53.     Plaintiff did not consent to Defendant communicating with third-parties.

54.     At the time Defendant initiated the aforesaid telephone call to Plaintiff's brother-in-law, Defendant did not require location information for Plaintiff.

55.     Plaintiff's brother-in-law informed Plaintiff of the contents of the aforesaid telephone conversation.

56.     In its attempts to collect the debt allegedly owed by Plaintiff to Discover, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a.  Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

   b.  Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

   c.  Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   d.  Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   e.  Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

     f.   Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

     g.   Collected funds from Plaintiff despite having no lawful authority to do so in violation of 15 U.S.C. §1692f(1);

     h.   Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

57.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

58.    Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANTHONY SMITH, by and through his attorneys, respectfully prays for judgment as follows:

     a.   All actual compensatory damages suffered;

     b.   Statutory damages of $1,000.00;

     c.   Plaintiff's attorneys' fees and costs;

     d.   Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**ANTHONY SMITH**

By:   s/ David M. Marco
      Attorney for Plaintiff

Dated: March 22, 2012
David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:    dmarco@smithlaw.us